The Kugel Law Firm
Rachel Kugel, Esq.
Rachel@TheKugelLawFirm.com
300 E. 95th Street Suite 234
New York, N.Y. 10128
SBN 4348090
Phone 212-372-7218
*Attorneys for Plaintiff,*
*Elki Turcios Pacheco*

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ELKI TURCIOS PACHECO,**<br><br>Plaintiff,<br><br>vs.<br><br>**SANTANDER CONSUMER USA, RESOLVION,**<br><br>**JOHN DOES 1-10,and JOHN DOE (the unnamed**<br><br>**repossession agent),**<br><br>Defendant | **Case No.: 1:26-cv-2206**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1. This is an action to recover damages for Defendants' unlawful repossession of Plaintiff's vehicle. To protect consumers and ensure that subsequent debt collectors are not competitively disadvantaged, the Fair Debt Collection Practices Act ("FDCPA") prohibits such persons, such as debt collectors, from engaging in abusive, deceptive, and unfair practices.

2. The FDCPA is a strict liability statute and proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim.

3. In order to offer the greatest protections to consumers, the FDCPA is to be viewed through the eyes of the least sophisticated consumer.

4. Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose.

COMPLAINT FOR DAMAGES

5. Claims against debt collectors under the FDCPA are to be viewed through the eyes of the "least sophisticated consumer."

6. The FDCPA prohibits such persons from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

7. The FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

8. The FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

9. For the purpose of the FDCPA, a "debt collector" is a person who regularly collects debts owed to others.

10. For the purpose of the FDCPA, a "debt" is any obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. For the purpose of the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt.

12. Article 9 of the Uniform Commercial Code ("UCC") is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties.

13. Article 9 serves to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty.

14. After a default, the UCC gives secured parties the right to take or disable any non-commercial collateral if there is no present right or intention to take possession of the property.

15. Claims against debt collectors under Article 9 of the UCC are to be viewed through the eyes of the unsophisticated consumer, and even negligent conduct can trigger liability.

16. In order to offer the greatest protections to consumers and ensure that subsequent debt collectors are not competitively disadvantaged, the UCC prohibits such persons from engaging in any conduct that constitutes a "breach of the peace" in the course of a repossession.

COMPLAINT FOR DAMAGES

17. A "breach of the peace" is defined broadly and includes any act or conduct that is likely to produce violence or to excite or incite others to commit a breach of the peace.

18. The UCC is a strict liability statute and proof of one violation is sufficient to support summary judgment for plaintiffs.

## PARTIES

19. Plaintiff Elki Turcios Pacheco is a natural person who at all relevant times resided in this district, in Manhattan, New York.

20. Defendant Santander Consumer USA ("Santander") is a Delaware Corporation with its principal place of business at 1601 Elm Street, Suite 800, Dallas, TX 75201, and regularly does business in this district.

21. Defendant Resolvion ("Resolvion") is based in Charlotte, N.C. but operates a nationwide asset recovery and repossession business.

22. Defendants John Does 1-10 are persons and/or entities whose identities are unknown to Plaintiff at this time but who participated in the acts and transactions giving rise to Plaintiff's action in this district, and where Plaintiff resides.

23. Defendant John Doe is the unnamed tow truck driver employed by or acting on behalf of Resolvion who repossessed Plaintiff's vehicle.

## JURISDICTION AND VENUE

24. This Court has jurisdiction over the federal claims herein pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as they arise under the laws of the United States, specifically the FDCPA. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

25. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides in this district, and the acts and transactions giving rise to Plaintiff's action occurred in this district.

## FACTS

26. At all relevant times, Plaintiff was a "consumer," as defined by 15 U.S.C. § 1692a(3).

COMPLAINT FOR DAMAGES

27. At all relevant times, Santander Consumer USA was a "creditor," as defined by 15 U.S.C. § 1692a(4).

28. At all relevant times, Resolvion, John Does 1-10, and John Doe were "debt collectors," as defined by 15 U.S.C. § 1692a(6).

29. At all relevant times, Resolvion was subject to a strict liability statute and proof of one violation is sufficient to support summary judgment for Plaintiff.

30. At all relevant times, Resolvion is a "secured party," as defined by N.Y. U.C.C. Law § 9-102(a)(73).

31. At all relevant times, Resolvion constitutes "collateral," as defined by N.Y. U.C.C. Law § 9-102(a)(12).

32. On or about March 2025, Resolvion, acting at the behest of Santander Consumer USA, repossessed Plaintiff's 2023 Mitsubishi Outlander Sport (the "Vehicle").

33. The Vehicle constitutes "consumer goods," as defined by N.Y. U.C.C. Law § 9-102(a)(23).

34. On or about March 2025 Plaintiff was parking his vehicle late into the night/early morning hours on the street in New York when he noticed that he was being watched and followed by a tow truck driver. He continued to drive looking for parking eventually having to park the vehicle and wait inside for a legal spot to open up. He shut the car down. Moments later the tow vehicle began backing up toward him in order to start the hook and tow process. He turned on the light and yelled that he was still in the car. He rolled down the window and yelled "stop".  He then attempted to back up down the street which caused another vehicle behind him to also attempt to reverse down the street. The tow truck caused the vehicles to be put in a dangerous situation. Despite these clear signs to stop the process, the vehicle was still towed and repossessed. Plaintiff was extremely shaken up by the late night terrifying incident. In addition, he had to make arrangements to transport his daughter in the interim without a vehicle and he lost items that were inside of the vehicle.

35. Plaintiff was told he could go to the lot to retrieve items from the car. When he appeared as he was told he could he was told the vehicle was already picked up and gone. Plaintiff was not able to attempt to cure any default despite requests.

36. As part of the transaction, Plaintiff was obligated to pay a "debt," as defined by 15 U.S.C. § 1692a(5).

37. As part of the transaction, Plaintiff was a "debtor," as defined by N.Y. U.C.C. Law § 9-102(a)(28).

COMPLAINT FOR DAMAGES

38. The debt was in default at the time of the repossession.

39. The repossession constituted a "breach of the peace," in violation of N.Y. U.C.C. Law § 9-609.

40. Defendants' actions caused Plaintiff actual damages, including but not limited to physical and emotional distress, loss of use of the Vehicle, and pecuniary losses.

**FIRST CAUSE OF ACTION**

(Violation of the FDCPA - Against Resolvion, John Does 1-10, and John Doe)

47. Plaintiff repeats and realleges each and every allegation contained above.

48. Defendants Resolvion, John Does 1-10, and John Doe are "debt collectors" under the FDCPA.

49. Defendants violated the FDCPA, 15 U.S.C. § 1692 et seq., by engaging in abusive, deceptive, and unfair debt collection practices, including but not limited to breaching the peace during the repossession, refusing to cease the repossession when objected to.

50. As a result, Plaintiff is entitled to actual damages, statutory damages up to $1,000 per violation, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

**SECOND CAUSE OF ACTION**

Breach of Peace in Repossession Under N.Y. U.C.C. Law § 9-609 - Against All Defendants

51. Plaintiff repeats and realleges each and every allegation contained above.

52. Defendants breached the peace in repossessing the Vehicle by attempting to tow the vehicle with Plaintiff still inside, chasing the Plaintiff down the street in reverse, and refusing Plaintiff's requests to cease, all without judicial process.

53. Defendants are strictly liable for this violation.

54. As a result, Plaintiff is entitled to actual damages, including compensatory and punitive damages, costs, and reasonable attorney's fees.

COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION

(Conversion - Against All Defendants)

58. Plaintiff repeats and realleges each and every allegation contained above.

59. Defendants wrongfully converted Plaintiff's Vehicle by repossessing it in violation of law and refusing to return it unless the full balance was paid, despite Plaintiff's offer to cure the default.

60. As a result, Plaintiff is entitled to actual damages, including the value of the Vehicle, loss of use, and punitive damages.

### FOURTH CAUSE OF ACTION

Violation of New York General Business Law § 349 - Against All Defendants

61. Plaintiff repeats and realleges each and every allegation contained above.

62. Defendants engaged in deceptive acts and practices in the conduct of consumer-oriented business, in violation of N.Y. Gen. Bus. Law § 349.

63. As a result, Plaintiff is entitled to actual damages, treble damages up to $1,000, costs, and reasonable attorney's fees.

## TRIAL BY JURY IS DEMANDED.

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for: actual damages, statutory damages, punitive damages, costs, disbursements, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

.

COMPLAINT FOR DAMAGES

**THE KUGEL LAW FIRM**

DATED: March 17, 2026                    BY: /S/ RACHEL KUGEL

                                          RACHEL KUGEL, ESQ.
                                          ATTORNEY FOR PLAINTIFF,
                                          ELKI TURCIOS PACHECO

The Kugel Law Firm
300 E. 95th Street Suite 234
New York, N.Y. 10128

COMPLAINT FOR DAMAGES